**Jose Luis SALAZAR–OSTI; et al., Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

Nos. 04–71376.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2005.*

Decided June 22, 2005.

Jose Luis Salazar–Osti, Pasadena, CA, pro se.

Betha Alicia Vazquez–Arias, Pasadena, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Francisco, CA, Elizabeth J. Stevens, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KLEINFELD, TASHIMA, and THOMAS, Circuit Judges.

MEMORANDUM **

Jose Salazar–Osti and Betha Vazquez–Arias, natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' summary affirmance, without opinion, of an Immigration Judge's (IJ) denial of their application for cancellation of removal. The IJ found that petitioners had failed to establish ten years of continuous physical presence and had also failed to establish that their removal would cause the requisite level of hardship to their U.S. citizen son. Respondent contends that the petitioners failed to exhaust administrative remedies, as required by 8 U.S.C. § 1252(d)(1), because they failed to raise any issues before the BIA.

■ We lack jurisdiction to review petitioners' contentions that the IJ erred by finding that they had neither established exceptional hardship nor the requisite ten-years of continuous presence because petitioners failed to raise those issues before the BIA and therefore failed to exhaust their administrative remedies. *See Rashtabadi v. INS*, 23 F.3d 1562, 1567 ("Failure to raise an issue in an appeal to the BIA constitutes a failure to exhaust remedies with respect to that question and deprives

this court of jurisdiction to hear the matter.").

■ Petitioners' contention that they were denied equal protection because they were required to meet legal standards not imposed on aliens subject to the Nicaraguan Adjustment and Central American Relief Act of 1997 ("NACARA") is foreclosed by this court's decisions in *Jimenez–Angeles v. Ashcroft*, 291 F.3d 594, 602–03 (9th Cir.2002) (new hardship standard promulgated under IIRIRA does not violate equal protection), and *Ram v. INS*, 243 F.3d 510, 517 (9th Cir.2001) (decision to favor aliens from specific war-torn countries must be upheld because it stems from rational diplomatic decision to encourage such aliens to remain in the United States).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

